UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY BUMLER, Personal Representative of the Estate of John Malcolm Bulmer, <br><br>   Plaintiff, <br><br> v. <br><br> ARMED FORCES BENEFIT ASSOCIATION, BARBARA HYDE, HEATHER CRAWFORD, JILLIAN BUMLER, and KAITLYN ZUBER, <br><br>   Defendants. | Case No. 4:13CV00702 AGF |

## MEMORANDUM AND ORDER

Plaintiff Nancy Bumler brings this suit against Defendants seeking the proceeds of her late husband's Servicemembers' Group Life Insurance ("SGLI") policy.  Now before the Court are the identical motions of Barbara Hyde, Heather Crawford, Jillian Bumler and Kaitlyn Zuber to dismiss the matter for various reasons, including for failure to state a claim.  For the reasons set forth below, these motions will be granted.

## BACKGROUND

Plaintiff is the widow of John Malcolm Bumler ("Decedent") and Personal Representative of the Estate of Decedent pursuant to Letters Testamentary issued on January 16, 2013 by the Probate Division of the Circuit Court of Phelps County, Missouri.  On February 25, 2013, Plaintiff brought this suit in that division of the state court against Defendants seeking both declaratory judgment that she had the only interest in Decedent's SGLI policy and the

proceeds of that policy in the amount of $150,000.  Plaintiff is the sole devisee under Decedent's last will and testament.  The SGLI policy named Barbara Hyde, ex-wife of Decedent, as the beneficiary of the policy and listed Crawford, Bumler, and Zuber, all daughters of Decedent, as contingent beneficiaries.

Plaintiff claims that as part of a Virginia divorce agreement in 1998, Hyde released and relinquished any claim, right, or interest as a surviving spouse to any marital property or claims to any property of Decedent.  Furthermore, Plaintiff asserts that state law – Missouri Revised Statutes § 461.051 – removed Hyde's status as a beneficiary, following her divorce from Decedent.  Plaintiff also named Armed Forces Benefit Association ("AFBA"), the issuer of the SGLI policy, as a Defendant.

On April 15, 2013, AFBA removed this case to federal court citing diversity jurisdiction.[1]  On May 10, 2013, the four individual Defendants filed their identical motions to dismiss and memoranda in support, now under consideration.  They argue that the case should be dismissed because (1) Plaintiff has failed to state a claim upon which relief can be granted, as federal law specifies that SGLI policies benefit the named beneficiaries, regardless of state law or state court rulings that others are entitled to the benefits; (2) none of the four individual Defendants are within this Court's jurisdiction because they do not have minimum contacts with Missouri; (3) this Court does not have subject matter jurisdiction over the case because under Missouri law, the proceeds of life insurance policies payable to designated beneficiaries are not subject to probate administration; (4) this Court does not have *in rem* jurisdiction because the *res* of the

---

[1] The amount in controversy is met and there is complete diversity as Plaintiff is a citizen of Missouri, Hayes is a citizen of Illinois, Bumler and Zuber are citizens of California, and Crawford and AFBA are citizens of Virginia.

cause – the policy itself – is not located in Missouri; (5) none of the four individual Defendants received sufficient service of process because they were outside the reach of the Missouri long-arm statute; and (6) Plaintiff's complaint was only notarized when it should have been verified.

Plaintiff has not responded to these motions within the allotted time. AFBA has not filed a motion to dismiss.

### DISCUSSION

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility, "'when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

SGLI policies are governed by the provisions of the Servicemembers' Group Life Insurance Act ("SGLIA"), 38 U.S.C. § 1965, et seq. The hierarchy of distribution is detailed in 38 U.S.C. § 1970(a), which provides that the claims of the named beneficiary or beneficiaries take precedence over all other claims. The federal laws and regulations that govern SGLI policies preempt state law. *Ridgway v. Ridgway*, 454 U.S. 46, 60 (1981) (holding that "the

3

controlling provisions of the SGLIA prevail over and displace inconsistent state law"). These laws and regulations confer upon the insured service member the right to freely "designate the beneficiary and to alter that choice at any time by communicating the decision in writing to the proper office." *Id.* at 56. (finding that a decedent's first wife, as named beneficiary of the decedent's SGLI policy, was entitled to the benefits of the policy despite a state court ruling that the decedent's second wife was the proper beneficiary under state law); *see also Hillman v. Maretta*, 133 S. Ct. 1943, 1951-52 (2013) (holding that like SGLIA, the Federal Employees Group Life Insurance Act "creates a scheme that gives highest priority to an insured's designated beneficiary," and "require[s] that the insurance proceeds be paid first to the named beneficiary ahead of any other potential recipient"). Furthermore, "the only way to change a beneficiary under the SGLIA is to communicate that decision in writing to the proper office." *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 367 (8th Cir. 1997).

     Plaintiff bases her claim to the proceeds of Decedent's SGLI policy upon Missouri law, which removes any interest a former spouse may have in an insurance policy to which he or she is a named beneficiary, upon dissolution of the marriage. Plaintiff also bases her claim upon the terms of Decedent's divorce from Hyde in Virginia state court, which also removed Hyde's interest in any of Decedent's insurance policies. Plaintiff did not base any portion of her claim upon SGLIA.

     The Court concludes that Plaintiff has failed to state a claim for the proceeds of Decedent's SGLI policy. *See Mills v. Prudential Ins. Co. of Am.*, 856 F. Supp. 2d 1218, 1222-24 (D. Colo. 2012) (granting motion to dismiss the claim of a decedent's wife for declaratory judgment against the decedent's brother, where the decedent had changed the beneficiary of his

4

SGLI policy from his wife to his brother in violation of a state court restraining order prohibiting decedent from changing the beneficiaries of his insurance policies). As noted above, under federal law, Hyde is entitled to the benefits of the SGLI insurance policy at issue as the named beneficiary.

The Court will exercise its power under Rule 12(b)(6) to dismiss sua sponte the complaint as to Defendant AFBA for failure to state a claim. *See Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir. 1991) (affirming a court's sua sponte dismissal of a complaint under Rule 12(b)(6) for failure to state a claim).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the individual Defendants' motions to dismiss Plaintiff's complaint for failure to state a claim are **GRANTED**.  (Docs. Nos. 15, 17, 19, 21.)

**IT IS FURTHER ORDERED** that on the Court's own motion, Defendant Armed Forces Benefit Association is **DISMISSED** with prejudice from this lawsuit.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED** in its entirety, with no further action to be taken.

A separate Order of Dismissal shall accompany this Memorandum & Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2013.